JUAN BERMÚDEZ SÁNCHEZ, Appellant, v. THE REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1258.    Submitted January 9, 1950.—Decided January 30, 1950.

*José C. Jusino* for appellant. The respondent Registrar appeared by brief.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

Juan Bermúdez Sánchez sued in the District Court of Bayamón the heirs of Gregoria García, consisting of Francisco Márquez and any other heirs unknown to the plaintiff, who were designated under the fictitious name of John Doe and Richard Roe for the execution of a deed. Márquez was summoned personally, and as to the unknown heirs, the court ordered that they be summoned by publication. Thereafter, certain persons appeared who alleged to be heirs of Gregoria García and after a trial on its merits, judgment was rendered ordering the heirs of Gregoria García to execute a deed of sale of a certain property situated within the Municipality of Bayamón for the confessed price of $2,800. Upon presenting to the Registrar of Property the deed which was executed by the marshal in conformance with the judgment, he denied record on the following grounds: (*a*) that the court did not acquire jurisdiction over the persons of the defendants because the clerk did not issue the summons directed to them and hence, the summons were not returned unserved, which as alleged by the Registrar is a prerequisite for the issuance of an order directing summons by publication; and (*b*) that the names of the heirs were not stated.

In support of the first ground of his note, the Registrar invokes the construction given in this jurisdiction to § 94 of the Code of Civil Procedure in *Cerdá* v. *Ossorio*, 65 P.R.R. 315; *McCormick* v. *McCormick*, 61 P.R.R. 812; *Matos* v. *District Court*, 59 P.R.R. 290, and *Goldsmith* v. *Villari*, 27 P.R.R. 726.

There is no showing as to when the suit commenced, but the record discloses that the last publication of the edicts was made on December 16, 1948. Since the Rules of Civil Procedure went into effect on September 1, 1943, we may

rationally infer that the suit began under the authority of said Rules, which on the matter of summons followed, with slight variations, the provisions of the Code of Civil Procedure. Rule 4(e) which is similar to that portion of § 94 of the Code of Civil Procedure cited by the Registrar, provides, insofar as material:

"e) *Summons: Other Service.*—Where the person on whom service is to be made resides out of the Island; or has departed therefrom; or cannot, after due diligence, be found within the Island; or conceals himself to avoid the service of summons; or is without any known residence; or is a foreign corporation having no managing or business agent, cashier, or secretary within the Island, and the fact appears by affidavit to the satisfaction of the court or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the services be made by the publication of the summons."

It should be noted that Rule 4(e), like § 94, contemplates those cases where the person on whom services is to be made resides out of the Island, or has departed from the Island, or cannot, after due diligence, be found within said island, or conceals himself to avoid the service of summons, or when he is without any known residence, but the Rule does not provide the procedure to be followed in the case of unknown defendants, as happens herein. Neither the Rules of Civil Procedure nor the Code of Civil Procedure contemplates such situation.

■■ The cases cited by the Registrar holding that the provisions of the Code dealing with summons should be strictly complied with in order to acquire jurisdiction under § 94, and also establishing the rule to the effect that prior to the service by publication personal service should be attempted and the summons should be returned unserved, are inapposite, for it serves no useful purpose to order the service of summons on unknown persons nor would it be feasible

for the marshal to return the summons unserved. This is not the case of a person with a known name, as to whom the marshal may investigate his whereabouts. No special procedure controls the case before us. Hence there is no reason for deciding that the court did not acquire jurisdiction for failure to comply with a requisite not provided by law. On the contrary, § 36 of the Code of Civil Procedure seems to be in point. It provides:

"When jurisdiction is, by this Code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Since the procedure followed by the court in this case is in harmony with the spirit of the Code and the Rules of Civil Procedure, we are of the opinion that the summons by publication in the instant case is valid.

Nor do we agree with the Registrar as to the second ground of his note. The citation of Form 281 contained in Attorney José Sabater's *Práctica Civil* has no bearing. Said Form contemplates the case when the names of the heirs are known. As we have pointed out it is impossible to state the names of unknown heirs in a proceeding brought against them.

In view of the foregoing, the Registrar's note will be reversed and he is directed to record the deed involved herein free of defects.